**In the Matter of Jennifer L. GRAHAM, Respondent.**

**No. 49S00–1301–DI–36.**

Supreme Court of Indiana.

Feb. 14, 2014.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable R. Mark Inman, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Stipulated facts:** Based on stipulated facts summarized below, the hearing officer filed an "Agreed Hearing Officer's Report and Stipulated Factual Record" on October 31, 2013.

On June 21, 2012, Respondent wrote a $1,100 check on her client trust account payable to herself and deposited it into her operating account. Respondent's check ledger showed the words "HELP ME" typed adjacent to the check number. At the time, she had no more than $10 of her own funds in the trust account and no authority to exercise control over the client funds in the trust account. Respondent used the proceeds of the check to cover losses she incurred from gambling. A few days later, she wrote a $550 check on her client trust account payable to herself, again without authority. Again, her check ledger showed the words "HELP ME" typed adjacent to the check number. This check was dishonored when she presented it for payment. By June 27, 2012, Respon-

dent fully repaid the $1,100 she had converted from her client trust account.

Respondent admits that she suffers from a compulsive gambling addiction (involving slot machines) which began around July 2010. She has taken a number of steps to address her gambling addiction, and other than one relapse in April 2013, Respondent has abstained from playing slot machines since November 2012.

The Court concludes that the following stipulated facts constitute facts in mitigation: (1) Respondent has no prior disciplinary history; (2) Respondent admits her misconduct and is remorseful; (3) Respondent made full and free disclosure to the Commission; (4) Respondent has an excellent character and reputation, supported by letters from seven individuals, and (5) Respondent has taken steps to address her gambling addiction, including counseling, seeking services through Indiana Judges and Lawyers Assistance Program ("JLAP"), and participation in Gamblers Anonymous.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

Rule 8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, i.e., conversion.

Rule 8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning the date of this order, all stayed subject to completion of at least two years of probation** on the following terms and conditions:

(1) Respondent shall enter into a JLAP monitoring agreement, which shall contain a substance abuse component, within 30 days of the date of this order, if not already subject to such an agreement.

(2) Respondent shall fulfill all the requirements of the JLAP monitoring agreement.

(3) Respondent shall commit no new violations of the Rules of Professional Conduct or any law of any jurisdiction.

(3) Respondent shall promptly report any violation of the terms of her probation to JLAP and to the Commission, and JLAP shall promptly report any violation of the terms of her JLAP monitoring agreement to the Commission.

(4) If Respondent violates her probation, the Court will revoke her probation, the balance of the stayed suspension shall be actively served without automatic reinstatement, and Respondent will be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

(5) Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of

this order in the bound volumes of this Court's decisions.

All Justices concur.